IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD HAYWOOD PAYNE, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 21-569 |
| | : | |
| THE GALMAN GROUP and SEDGWICK STATION APARTMENTS | : | |

MEMORANDUM

**Juan R. Sánchez, C.J**.                                                                                                    **March 29, 2022**

Plaintiff Edward Haywood Payne, Jr. brings this action alleging various forms of race-based housing discrimination by Defendants The Galman Group and Sedgwick Station Apartments. Defendants now move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will grant Defendants' Rule 12(b)(6) motion because the claims do not contain sufficient detail to establish Payne's plausible right to relief.

**FACTS**

Payne is a Black man who rents Apartment J at 7120 E. Ardleigh Street from the Galman Group. Compl. 11–14, ECF No. 1.. On September 1, 2016, he signed a lease agreement which stated "Pets: Cats only with a $300.00 per cat non-refundable pet fee, limit 2 cats. Tenant agrees to have no other pets on the property." *Id.* at 21.

Payne also signed a corresponding "Rules and Regulations" form, which stated that he would "[n]ot permit any pet or animal of any kind in or about the rental unit of the building of which the rental unit is a part, except with the prior written consent of the Landlord, and a pet security deposit is paid (only 2 pets permitted)." *Id.* at 27. In keeping with this requirement, Payne signed the "Sedgwick Station Pet Addendum" for his black tabby cat, Morris. *Id.* at 45-46. The Addendum states "Dog Fee (Non-refundable): N/A—Dogs not allowed at this property." *Id.* Payne

also signed the "Reasonable Accommodations" notice, which stated that he understood the Galman Group and Sedgwick Station Apartments had a policy of making reasonable accommodations to its rules and policies, practices, and services to tenants with disabilities in accordance with the requirements of federal, state, and local laws. *Id.* at 47-48.

Almost four years later, Payne noticed that an individual whom he calls a "European male" (identified as Andrew S.) had a dog in his apartment. Payne spoke to a third individual (identified as Terry H.) about the dog. Terry H. told Payne that Andrew S. was "looking for a home for the dog." On August 28, 2020, Payne allegedly spoke to Defendants' property manager, Claudia Frazier. He asked her if she knew that a big dog was living in Andrew S.'s unit, and she replied "Oh, the dog is still there? They are leaving soon." ECF No. 12, at 4.

As of January 24, 2021, the dog was allegedly still living in Andrew S.'s apartment. Payne has never had a dog. *See* ECF No. 17, at 6.[1]

**DISCUSSION**

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim under to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a Rule 12(b)(6) motion, a court must first separate the legal and factual elements of the plaintiff's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.

---

[1] The Court finds the complaint wanting in terms of supporting factual allegations. The foregoing facts are the extent of what is offered in the "Amended Complaint."

2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Because Payne is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The Court will construe Payne's Amended Complaint to allege racial discrimination regarding the disparate enforcement of his landlord's pet policy under the Fair Housing Act, 42 U.S.C. § 3601 et. seq. In order to survive a motion to dismiss, Payne bears the burden of establishing a prima facie case of race discrimination under the FHAA. *See Community Services, Inc. v. Wind Gap Mun. Authority*, 421 F. 3d 170, 176 (3d Cir. 2005). The FHAA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). This includes "[l]imiting the use of privileges, services or facilities associated with a dwelling because of race, color, religion, sex, handicap, familial status, or national origin of an owner, tenant or a person associated with him or her." 24 C.F.R. § 100.65(b)(4).

Since Payne claims he was treated differently because he is Black and Andrew S. is white, Payne seemingly has a "disparate treatment" claim. "Generally, to prevail on a disparate treatment claim, a plaintiff must demonstrate that some discriminatory purpose was a "motivating factor" behind the challenged action." *Community Services, Inc. v. Wind Gap Mun. Authority*, 421 F.3d 170, 176 (3d Cir. 2005) (citations omitted). "The discriminatory purpose need not be malicious or invidious, nor need it figure in 'solely, primarily, or even predominantly' into the motivation behind the challenged action." *Id.* Plaintiff must simply aver facts sufficient to establish a prima

facie case of racial discrimination, either by direct or circumstantial evidence. *Curto v. A Country Place Condominium Assoc., Inc.*, 921 F.3d 405, 410 n.3 (3d Cir. 2019).

Payne has failed to do so. He asserts that because the Galman Group did not force Andrew S. (who is white) to get rid of a dog, Payne (who does not own a dog) is being discriminated against for being Black. Payne "vehemently asserts that he has never owned a dog in his life,"[2] admits that the "Regional Manager of Galman Group offered . . . [him] an opportunity to request a dog over the phone,"[3] and "has no knowledge as to whether Andrew S. made a pet deposit for the dog."[4] Payne does not allege he requested a dog and was denied one. Nor does Payne assert he had a dog and received repercussions for keeping it on the premises. Payne does not even allege the terms of his and Andrew S.'s lease are different.

Payne merely makes general, conclusory allegations regarding possible racial discrimination, which are insufficient to state a claim under the FHA. *See Wilson v. Hillsborough Twp. Constr. Dep't*, 779 F. App'x 969, 972 (3d Cir. 2019) (*per curiam*) ("her vague, conclusory speculations that those decisions were made for a discriminatory reason are insufficient to state a claim under the FHA.")

As a result, the Court must grant Defendants' motion to dismiss without prejudice.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[2] ECF Doc. No. 17 at p. 6.
[3] *Id.* at 2.
[4] *Id.* at 6.